**Original filed 1/11/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HERBERT RUSSELL, JR., | ) | No. C 06-0106 JF (PR) |
| Petitioner, | ) ) | ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) ) | |
| SUPERIOR COURT, SAN JOSE, | ) ) | |
| Respondent. | ) ) | (Docket No. 6) |

Petitioner, a state prisoner proceeding pro se, filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254. The Court initially denied Petitioner's incomplete application to proceed in forma pauperis without prejudice and extended the time for Petitioner to submit a completed application or pay the $5.00 filing fee. On September 13, 2006, Petitioner filed a completed in forma pauperis application. The Court will DISMISS the petition with leave to amend and GRANT Petitioner's motion to proceed in forma pauperis (docket no. 6).

\\\

\\\

\\\

**DISCUSSION**

A. <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  <u>See</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75-76 (1977)).

B. <u>Petitioner's Claims</u>

It appears from the petition that Petitioner challenges his 2002 assault with intent to commit rape conviction in Santa Clara Superior Court.  In his grounds for relief, Petitioner makes several allegations that the D.A. and the Judge, with help from the Public Defenders office, "cooked" up an illegal charge against him and that he is innocent.  <u>See</u> Petition at 3.  Petitioner also maintains that he was mentally ill at the time of his arrest.  <u>Id</u>. at 4.  The petition states that the only issue raised on appeal was a double jeopardy claim.  <u>Id.</u> at 5.

Based on the information in the instant petition, the Court cannot determine whether Petitioner has exhausted his claims in the California courts before filing this habeas action.  Federal habeas petitioners are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b),(c); <u>Rose v. Lundy</u>, 455 U.S. 509, 515-16 (1982); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981); <u>McNeeley v. Arave</u>, 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary.  <u>See</u> <u>O'Sullivan v.</u>

1  Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the
2  State's established appellate review process"). Therefore, Petitioner cannot present
3  claims to this Court which he has not first raised in the highest state court available, the
4  Supreme Court of California, usually by direct appeal or by way of a state habeas
5  petition.
6      The Court cannot fairly evaluate the petition in its present state. Accordingly, the
7  Court will allow Petitioner an opportunity to file an amended petition on the Court's
8  habeas form to correct these deficiencies.

## CONCLUSION

10      1.    Petitioner's motion to proceed in forma pauperis (docket no. 6) is
11  GRANTED.
12      2.    The instant petition is DISMISSED with leave to amend within **thirty (30)**
13  **days** from the date of this order. The amended petition must include the caption and civil
14  case number used in this order (C 06-106 JF (PR)) and the words AMENDED PETITION
15  on the first page. The amended petition shall be on the Court's form for habeas petitions,
16  **a copy of which is enclosed with Petitioner's copy of this order.**
17      Petitioner shall take care to write clearly and legibly, so that the Court can read
18  what he writes. He must clearly state the grounds for relief challenging his 2002 Santa
19  Clara County conviction. He must set out how he has exhausted his claims, that is, what
20  he did to present them first to the highest state court available, which is the Supreme
21  Court of California.
22      3.    It is Petitioner's responsibility to prosecute this case. Petitioner must keep
23  the Court informed of any change of address and must comply with the Court's orders in
24  a timely fashion. Failure to do so may result in the dismissal of this action for failure to
25  prosecute pursuant to Federal Rule of Civil Procedure 41(b).
26      IT IS SO ORDERED.
27  DATED: __1/11/07_____

JEREMY FOGEL
United States District Judge

Order Granting Petitioner's Motion to Proceed in Forma Pauperis; Order of Dismissal with Leave to Amend
P:\pro-se\sj.rmw\hc.06\Russellifpdwlta    3

1  A copy of this ruling was mailed to the following:

2

3  Herbert Russell, Jr.
   T-72288/ D-3 108 low
4  Salinas Valley State Prison
   P.O. Box 1060
5  Soledad, CA 93960-1060

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Petitioner's Motion to Proceed in Forma Pauperis; Order of Dismissal with Leave to Amend
P:\pro-se\sj.rmw\hc.06\Russellifpdwlta            4