**E-filed 7/12/07**

1

2

3

4

5

6

7

8

9

10

11

12

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HERBERT RUSSELL, JR.,                    )       No. C 06-0106 JF (PR)
                                         )
                Petitioner,              )       ORDER REQUESTING MOTION
                                         )       TO DISMISS OR NOTICE THAT
        vs.                              )       MOTION IS UNWARRANTED
                                         )
                                         )
PEOPLE OF THE STATE OF                   )
CALIFORNIA,                              )
                                         )
                Respondent.              )
_____ )

        Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  The Court initially denied Petitioner's incomplete application to proceed in

forma pauperis without prejudice and extended the time for Petitioner to submit a completed

application or pay the $5.00 filing fee.  Petitioner filed a completed in forma pauperis

application.  The Court granted Petitioner's motion to proceed in forma pauperis and dismissed

the petition with leave to amend because it was unclear whether Petitioner had exhausted his

claims in the state court before filing the instant habeas action.  Petitioner filed an amended

petition, which was mistakenly opened and received as a new habeas action in case no. C 07-319

JF (PR).

1   The amended petition was transferred to the instant habeas action on May 1, 2007.  The Court

2   orders Respondent to address the timeliness of the amended petition by filing a motion to dismiss

3   or a notice that such motion is unwarranted.

4                                              **BACKGROUND**

5          According to the petition, a Santa Clara Superior Court jury convicted Petitioner of

6   assault and rape.  Petitioner was sentenced to twenty-five years-to-life with an additional  ten

7   year term in state prison on October 31, 2002.  The state appellate court affirmed the conviction

8   in 2003.  The state supreme court denied a petition for review in 2004.  Petitioner filed a state

9   habeas petition which was denied.  Petitioner filed the instant federal habeas petition on January

10  10, 2006.  The amended petition was filed on January 18, 2007.

11                                             **DISCUSSION**

12  A.    <u>Standard of Review</u>

13         This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in

14  custody pursuant to the judgment of a State court only on the ground that he is in custody in

15  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose</u>

16  <u>v. Hodges</u>, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order

17  directing the respondent to show cause why the writ should not be granted, unless it appears

18  from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. §

19  2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or

20  conclusory, palpably incredible, or patently frivolous or false.  <u>See</u> <u>Hendricks v. Vasquez</u>, 908

21  F.2d 490, 491 (9th Cir. 1990) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75-76 (1977)).  The

22  Court may order the Respondent to file another pleading where neither service nor summary

23  dismissal is appropriate.  <u>See</u> Rule 4 of the Rules Governing Habeas Corpus Cases Under

24  Section 2254.

25  B.    <u>Statute of Limitations</u>

26         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

27  April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of

28  habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state

1   convictions or sentences must be filed within one year of the latest of the date on which: (1) the

2   judgment became final after the conclusion of direct review or the time passed for seeking direct

3   review; (2) an impediment to filing an application created by unconstitutional state action was

4   removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

5   recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

6   made retroactive to cases on collateral review; or (4) the factual predicate of the claim could

7   have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).  Time

8   during which a properly filed application for state post-conviction or other collateral review is

9   pending is excluded from the one-year time limit.  See id. § 2244(d)(2).

10      The one-year period generally will run from "the date on which the judgment became

11  final by conclusion of direct review or the expiration of the time for seeking such review."  28

12  U.S.C. § 2244(d)(1)(A).  The instant petition was filed on January 10, 2006, approximately two

13  years after the conclusion of Petitioner's direct review.  It is unclear whether Petitioner's state

14  habeas petition would toll the statute of limitations in this case for a sufficient period of time.

15  Accordingly, the instant petition appears to be untimely.

16      This apparent procedural problem should be addressed before the Court reaches the

17  merits of the claims raised in the petition.  If the petition is time-barred, the litigants and Court

18  need not expend resources addressing the claims in the petition.  Accordingly, pursuant to Rule 4

19  of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent shall either (1)

20  move to dismiss the petition on the ground that it is untimely, or (2) inform the court that

21  Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## CONCLUSION

23      1.    The Clerk of the Court shall serve by mail a copy of this order, the amended

24  petition (docket no. 10), and all attachments upon Respondent and Respondent's attorney, the

25  Attorney General for the State of California.  The Clerk shall also serve a copy of this order on

26  Petitioner.

27  \\\

28  \\\

1    2.    Respondent shall file with the Court and serve upon Petitioner, within **forty-five**

2  **days** of the date this order is filed, a motion to dismiss the petition as untimely, or a notice that

3  Respondent is of the opinion that a motion to dismiss is unwarranted.

4    3.    If Petitioner wishes to oppose the motion to dismiss, he shall do so by filing an

5  opposition with the Court and serving it upon Respondent **within thirty days** of his receipt of

6  the motion to dismiss.

7    4.    Respondent shall file and serve a reply **within fifteen days** of receipt of

8  Petitioner's opposition.

9    5.    The motion shall be deemed submitted as of the date the reply brief is due.  No

10  hearing will be held on the motion unless the Court so orders at a later date.  If Respondent

11  notifies the Court that a motion to dismiss is unwarranted or the motion is denied, the Court will

12  then determine whether to require an answer to the petition.

13    6.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded

14  that all communications with the Court must be served on Respondent by mailing a true copy of

15  the document to Respondent's counsel.   Petitioner must keep the Court and all parties informed

16  of any change of address by filing a separate paper captioned "Notice of Change of Address."

17  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the

18  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure

19  41(b).

20    IT IS SO ORDERED.

21  DATED:  __7/12/07_____

22  JEREMY FOGEL
United States District Judge

23

24

25

26

27

28

1

2

A copy of this ruling was sent to the following:

3

4

Herbert Russell, Jr.
T-72288
Salinas Valley State Prison
P.O. Box 1060
Soledad, CA 93960-1060

5

6

7

Herbert Russell, Jr.
T-72288
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531-7500

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Requesting Motion to Dismiss or Notice That Motion Is Unwarranted
P:\pro-se\sj.rmw\hc.06\Russellordmtd                    5