NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HERBERT RUSSELL, JR., | ) | No. C 06-0106 JF (PR) |
|     Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS |
|   vs. | ) ) | |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | |
|     Respondent. | ) ) | (Docket No. 18) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as untimely. Petitioner has not filed an opposition.

## **BACKGROUND**

Petitioner was found guilty by a jury in Superior Court for the State of California in and for the County of Santa Clara of assault with intent to commit rape. The jury found true two prior strike convictions, and two prior serious felony convictions. Petitioner was sentenced to twenty-five years to life consecutive to ten years in state prison.

Petitioner appealed to the state court of appeal which affirmed the judgment in an unpublished opinion. (Resp't Mot. Ex. 1.) The California Supreme Court denied review on January 14, 2004. (Id. Ex. 2.)

Petitioner filed the instant federal habeas petition on January 10, 2006. While the instant federal petition was pending in this Court, Petitioner filed a state habeas petition in Santa Clara County Superior Court on April 17, 2006. The state habeas petition was denied on May 16, 2006. (Id. Ex. 4.)

## DISCUSSION

A.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, as in the case of petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

1  The one-year period generally will run from "the date on which the judgment became
2  final by conclusion of direct review or the expiration of the time for seeking such
3  review." 28 U.S.C. § 2244(d)(1)(A).

4        "Direct review" includes the period within which a petitioner can file a petition for
5  a writ of certiorari from the United States Supreme Court, whether or not the petitioner
6  actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).
7  Accordingly, if a petitioner fails to seek a writ of certiorari from the United States
8  Supreme Court, the AEDPA's one-year limitations period begins to run on the date the
9  ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro,
10 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari,
11 his conviction became final 90 days after the California Supreme Court denied review);
12 Bowen, 188 F.3d at 1159 (same). As the Eighth Circuit put it: "[T]he running of the
13 statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion
14 of all direct criminal appeals in the state system, followed by either the completion or
15 denial of certiorari proceedings before the United States Supreme Court; or (ii) if
16 certiorari was not sought, then by the conclusion of all direct criminal appeals in the state
17 system followed by the expiration of the time allotted for filing a petition for the writ."
18 Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187
19 (1999).

20       Since petitioner did not file a petition for certiorari, his conviction became final
21 ninety days after the California Supreme Court denied review on January 14, 2004, *i.e.*,
22 on April 13, 2004. Absent tolling, petitioner had one year, *i.e.*, until April 13, 2005, to
23 file a federal habeas petition. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.
24 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of
25 Civil Procedure 6(a)). The instant petition was not filed until January 10, 2006, however.
26 It is untimely unless the limitation period was tolled for a substantial period of time.
27 ///
28 ///

B.   Statutory Tolling

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The circumstances under which a state petition will be deemed "pending" for purposes of § 2244(d)(2) is a question of federal law. Welch v. Carey, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending." Id. at 220. In California, this means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge, as long as the petitioner did not "unreasonably delay" in seeking review. Id. at 221-23.

Petitioner is not entitled to statutory tolling because he did not seek collateral review of his state conviction before filing the instant federal habeas petition. Nor is Petitioner entitled to tolling for the period of time his state habeas petition was pending before the state superior court, *i.e.*, from April 17, 2006 to May 16, 2006, because a state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, the instant federal petition is untimely.

///

///

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (Docket No. 18) is GRANTED.

IT IS SO ORDERED.

DATED:  6/23/08

JEREMY FOGEL
United States District Judge